IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christie L. Collier, | ) | C/A No. 3:19-553-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Iacofano's Food Service and Catering, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Christie L. Collier, a self-represented litigant, filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*. Collier files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion for summary judgment. (ECF No. 44.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Collier of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motion. (ECF No. 47.) Collier filed a response in opposition to the motion. (ECF No. 50.) Having reviewed the record presented and the applicable law, the court concludes that the defendant's motion should be granted.

**BACKGROUND**

The following facts are either undisputed or are taken in the light most favorable to Collier, to the extent they find support in the record. The defendant, Iacofano's Food Service and Catering ("Iacofano's FS&C")[1] is a full-service catering company with facilities in multiple states. Collier

---

[1] The defendant's name appears to be incorrectly spelled on the docket. The Clerk of Court is directed to change the defendant's name on the docket as shown in the caption of this order.

began working at Iacofano's FS&C's West Columbia, South Carolina facility as a cook in February 2018.

Collier claims that around June 6, 2018, she was sexually assaulted by a co-employee, Shammuel Jamison. Jamison was supposed to help Collier take a heavy trash can to a dumpster outside the facility. Instead, Jamison pulled Collier toward him, tried to kiss her, and tried to put his tongue in her mouth. Collier told Jamison "you can't do that, that's sexual harassment" and went back inside the facility. (Def.'s Mem. in Supp. of Summ. J., Ex. 1, ECF No. 45-1 at 3.) Collier told Teriney Pickett, the assistant facility/kitchen manager, about the incident but Pickett kept working without addressing the incident.

Collier informed the facility manager, Tim Martin, of Jamison's behavior on June 12. She also reported it to Iacofano's FS&C's toll free customer service number on June 14, which was brought to the attention of Iacofano's FS&C's owner, who hired a human resources consultant. The human resources consultant immediately initiated an investigation by contacting Martin, Pickett, Collier, and Jamison, and documented the facts in a written report dated July 16, 2018. The report concluded that there was a lack of evidence to support Collier's allegations against Jamison.[2]

However, Iacofano's FS&C conducted company-wide training on its non-discrimination and non-harassment policies and complaint procedures in June 2018, led by the human resources consultant who conducted the investigation. Collier voluntarily resigned her position two days before the training was scheduled to begin. Jamison attended that training and was also given verbal counseling regarding Collier's allegations and the company's non-discrimination and non-

---

[2] A separate investigation by the West Columbia Police Department concluded that no illegal activity took place.

harassment policies. Iacofano's FS&C also reviewed and updated its policies, complaint procedures, and training materials.

Collier filed this action on February 25, 2019, alleging sexual harassment pursuant to Title VII.

**DISCUSSION**

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party.

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Defendants' Motion**

Iacofano's FS&C argues that Collier's sexual harassment claim fails as a matter of law because it took appropriate action to correct and prevent sexual harassment after it was notified of Collier's allegations, and therefore, there is no basis to impute liability to Iacofano's FS&C based on Jamison's actions. The court agrees.

Title VII makes it unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993); Ocheltree v. Scollon Prods, Inc., 335 F.3d 325, 331 (4th Cir. 2003). Thus, it is unlawful for employers to require individuals to work in a discriminatorily hostile or abusive environment. Harris, 510 U.S. at 21; Ocheltree, 335 F.3d at

331. Such an environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or persuasive to alter the conditions of the victim's employment and create an abusive working environment." Id.

To establish a hostile work environment claim under Title VII, a plaintiff must show that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer. Ocheltree, 335 F.3d at 331; see also Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006). Here, Iacofano's FS&C's motion addresses only the fourth element—whether Jamison's conduct is imputable to his employer. "In a case where an employee is sexually harassed by a coworker, the employer may be liable in negligence if it knew or should have known about the harassment and failed to take effective action to stop it." Ocheltree, 335 F.3d at 333-34; see also Spicer v. Commonwealth of Va., Dep't of Corrs., 66 F.3d 705, 710 (4th Cir. 1995) ("When presented with the existence of illegal conduct, employers can be required to respond promptly and effectively, but when an employer's remedial response results in the cessation of the complained of conduct, liability must cease as well.").

Here, Plaintiff has produced no evidence from which a reasonable jury could conclude that Iacofano's FS&C was negligent in its response to her allegations against Jamison. Iacofano's FS&C has produced evidence that on the day its owner learned of Collier's allegations, he hired a human resources consultant to initiate an investigation the same day. The investigation, conducted in tandem to a police investigation that resulted in no charges against Jamison, included interviews with Collier, Jamison, and Iacofano's FS&C's employees to whom Collier reported the conduct. The human resources consultant verbally counseled Jamison about the company's discrimination and harassment policies, procedures, and expectations even though the investigation concluded

there was a lack of evidence to support Collier's allegations. Also, the human resources consultant reviewed and updated Iacofano's FS&C's policies, complaint procedures, and training materials, and conducted company-wide training on the company's non-discrimination and non-harassment policies and complaint procedures that included Jamison. Collier does not dispute this evidence or provide any argument that Iacofano's FS&C's response was negligent.[3] Because Collier cannot point to any evidence that would show Iacofano's FS&C was negligent in its response to her allegations against Jamison, her Title VII sexual harassment claim fails as a matter of law.

## RECOMMENDATION

Based on the foregoing, the court recommends the defendant's motion for summary judgment be granted.

_____

January 30, 2020  Paige J. Gossett
Columbia, South Carolina  UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] Plaintiff claims she recently spoke with a former Iacofano's FS&C's employee who told her Jamison was arrested for similar conduct at a different job, but she points to no admissible evidence in the record to support such an allegation.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).